FOURNET, Chief Justice."
Mrs. Alberta Miller Young is appealing from judgments of the lower court dismissing her opposition to the liquidator’s account and making absolute the rule to authorize delivery of certain assets according to the liquidator’s determination.
According to the record, a partnership was formed in 1948 between the plaintiff, Gordon I. Atwater, and the defendant,- Mrs. Young,[1] for the purpose of carrying on the business of consulting petroleum geologists; under the terms of that agreement the plaintiff’s interest was 90% and the defendant’s, 10%. The partnership was continued until the summer of 1952; when the plaintiff notified the defendant, by letter dated and delivered July 11, 1952, of *843 his intention to dissolve the partnership.[2] The instant proceeding was instituted on August; 20, 1952, by the plaintiff, who prayed that a receiver be appointed; the ■defendant answered and prayed for appointment of a liquidator. A judicial liquidation having been agreed upon, Mr. Wood Brown, an attorney at law, was requested by the parties to serve as liquidator and ,was so appointed by the Court on August 22, 1952. Two months later (October 22) a settlement agreement was entered into between the parties effecting a division of all assets and properties of the partnership; under its provisions the accounting firm of Barton, Pilie and Wermuth was to audit the books of the partnership and determine the net capital accounts of the partners as of September 9, 1952, the date on which the partnership terminated. From date of execution of the settlement agreement, the plaintiff was to have exclusive control over any remaining partnership business.
In due course the liquidator filed his first . provisional account and sought its homologation, which was opposed by the defend- ■ ant on certain grounds. Prior to trial of the opposition, some items of dispute were settled between the parties but there remained a few as to which no agreement was reached; the liquidator thereupon filed a rule, citing both litigants to show cause why he should not deliver the remaining items in accordance with his determination, as based on his interpretation of the settlement agreement. There was a joint trial of the opposition and of the rule, following which judgments were rendered holmologating the liquidator’s account subject to certain modifications and limitations therein set out, and directing delivery to the plaintiff, conformably with the liquidator’s determination, of certain assets consisting of office equipment, maps, field notes, radio active markers, and similar items. It is from these judgments that this appeal is prosecuted.
With respect to the liquidator’s account,[3] the defendant contends that Parts I-A and I-B should not be accepted in their entirety but should be reworked, because there was (1) failure to follow “usual auditing practices,” and (2) failure to “determine by arbitration” defendant’s objections and ex *845 ceptions to the audit, as required by subdivision (3) of the settlement agreement.[4] She further contends that she is entitled to have the lower court’s judgment clarified (a) with respect to certain maps and logs which the liquidator is directed to deliver to the plaintiff, and (b) so as to afford her full protection to demand delivery of missing maps and logs from the plaintiff.
The defendant has failed to point out in what manner usual auditing practices were not followed, except to claim that the auditor did not verify receivables “in the usual way,” and allocated some expenses in accordance with information furnished exclusively by the plaintiff. These claims are unsupported by the record, which reveals that the partnership business was conducted on a cash basis, and since uncollected accounts were not reflected on the partnership books, independent verification of accounts receivable was made by obtaining bank confirmations, and a check against the invoices plus actual payments received; also, a review of the receipts going into the partnership account and into the plaintiff’s personal account “to be sure that no items of income were going into his personal transactions, personal income, subsequent to that date [termination of partnership] which belonged to the partnership.” The record also discloses that a preliminary report was submitted by the auditors to the plaintiff and' defendant on December 3, 1952; that Mr. John M. O. Bowman, an accountant employed by the defendant, made objection to numerous items therein on her behalf, following which there were conferences between Mr. Bowman and Mr. Hughes of Barton, Pilie and Wermuth, some of which were attended by the defendant, resulting in adjustments to meet the. obj ections advanced; and that the final report of ,the auditors reflected these adjustments. ■ Fur* *847 thermore subsection (3) of the settlement agreement provided for arbitration only- with respect to expenses incident to completing partnership business undertaken up to September 9, 1952, but in other respects the audit of Barton, Pifie & Wermuth was to be final.
The contention that the judgment of the lower court needs clarification is equally without merit. A perusal of the record convinces us that the division of the maps and charts was in strict conformity with the terms of the settlement agreement; and the rights of the parties, each against the other, were fully reserved.
With respect to the judgment on the rule, the defendant contends that the liquidator should not have been authorized to deliver a certain fifing cabinet and a certain map cabinet to the plaintiff, as these were defendant’s property prior to the commencement of the partnership; nor should he have been directed to deliver certain maps to the plaintiff. These claims were rejected by the trial judge who, after hearing all the evidence, concluded that the liquidator had been correct in his determination of the ownership and proper disposition to be made of these items; his ruling in this respect is fully supported by the record.
For the reasons assigned, the judgment appealed, from is- affirmed.

. Also named defendant in this suit is Mrs. Young’s husband, Joseph Clifton Young, who aided and authorized his wife in this venture, and who joins her in this appeal.

. ■ The articles of partnership provided that • the partnership might be terminated at ' any time by either partner upon giving ■ ' sixty -days’ written- notice to the other.

. The liquidator's account is composed of five parts. Parts I-A and I-B are audits ...prepared by the firm , of Barton, Pilie and Wermuth, the former coyering. receipts and disbursements of the partnership in liquidation (from September 10, 1952, through March 25, 1953), the latter covering the final period of operation of the partnership (from April 1, 1952 through September 9, 1952). Parts II, III, IV and V are detailed and volumi- . nous lists identifying maps and logs of various kinds used in the business.

. This subdivision provides: “[It is agreed] That ■ the accounting .firm of Barton, Pilie and Wermuth shall audit the books of said partnership, following usual auditing practices (except that all fees contracted for up to and including September 9, 1952, whether absolutely owed at that time or contingent, shall be credited on the partnership books, whether or not that is the usual auditing practice), and shall determine the net capital accounts of the partners in the same as of said closing date of September 9, 1952. There shall be charged to the partnership in making the said audit (a) the expenses of reproduction hereinafter provided; (b) the expenses incident, to completing any business under-, taken by the partnership or by Mr. At-water up to' September 9, 1952, the 1 amount of. such expenses to be determined-, by arbitration if the parties cannot agree upon the amount, provided, however,’ that it is - understood and agreed that if the report is ordered on the McDermott properties pursuant to contingent contract now existing with the partnership, the expenses of making such report, if pot -billed to the client, .are hereby fixed-at the sum of Two Thousand ($2,000.00) Dollars; and (c) all costs of the liquida-’ tion proceeding including the fee of the Liquidator. The audit of Barton, Pilie é 'Wermuth shall he final.”